# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | 24-2071, Virginia Coalition for Immigrant Rights v. Susan Beals |
| **Originating No. & Caption** | 1:24-cv-01778 (same),  1:24-cv-01807, United States v. Virginia |
| **Originating Court/Agency** | Eastern District of Virginia |

| **Jurisdiction** (answer any that apply) | | | |
|---|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 U.S.C. § 1292(a)(1) | | |
| Time allowed for filing in Court of Appeals | November 18, 2024 | | |
| Date of entry of order or judgment appealed | October 25, 2024 | | |
| Date notice of appeal or petition for review filed | October 25, 2024 | | |
| If cross appeal, date first appeal filed | | | |
| Date of filing any post-judgment motion | | | |
| Date order entered disposing of any post-judgment motion | | | |
| Date of filing any motion to extend appeal period | | | |
| Time for filing appeal extended to | | | |
| Is appeal from final judgment or order? | | ○ Yes | ⦿ No |
| If appeal is not from final judgment, why is order appealable? | | | |
| This is an appeal from the issuance of a preliminary injunction. This Court has jurisdiction under 28 U.S.C. § 1292(a)(1). | | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-731-9099.) | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ⦿ No |

1/28/2020 SCC

| Transcript (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ● Yes | ○ No |
| Has transcript been filed in district court? | ● Yes | ○ No |
| Is transcript order attached? | ○ Yes | ● No |

| Case Handling Requirements (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | | |
| Case number of any pending appeal in same case | | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ● No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ● Yes | ○ No |
| Does case involve question of first impression? | ● Yes | ○ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ● No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

**Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.)

This appeal involves two lawsuits under the National Voter Registration Act. One is brought against the Commonwealth of Virginia and Virginia officials by the United States. It involves a claim that Virginia's noncitizen removal process violates the NVRA's so-called quiet period by removing noncitizens within 90 days of an election. The other lawsuit is brought by a variety of advocacy groups and contains four claims against a variety of Virginia officials. One is identical to the claim brought by the United States. The others allege that Virginia's noncitizen removal process is discriminatory, that parts of Virginia's process are preempted under federal law, and that Virginia failed to turn over information that the Organizational Plaintiffs were entitled to receive.

Both Plaintiffs moved in the district court for a preliminary injunction on the quiet-period count. The district court granted the injunction, but the Supreme Court stayed it pending appeal. This is the appeal from that preliminary injunction.

| **Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary) |
|---|
| Whether the district court erred in preliminarily enjoining enforcement of Virginia election laws regarding removing noncitizens from the voter rolls based on its interpretation applying the NVRA to individuals whose voter registration was void ab initio. |

| **Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.) ||
|---|---|
| Adverse Party: Virginia Coalition for Immigrant Right | Adverse Party: League of Women Voters of Virginia |
| Attorney: Benjamin L. Berwick<br>Address: PROTECT DEMOCRACY PROJECT, INC.<br>15 Main Street<br>Watertown, MA 02472 | Attorney: Benjamin L. Berwick<br>Address: See Above |
| E-mail: ben.berwick@protectdemocracy.org | E-mail: |
| Phone: 202-579-4582 | Phone: |
| **Adverse Parties (continued)** ||
| Adverse Party: League of Women Voters of Virginia Fund | Adverse Party: African Communities Together |
| Attorney: Benjamin L. Berwick<br>Address: See Above | Attorney: Benjamin L. Berwick<br>Address: See Above |
| E-mail: | E-mail: |
| Phone: | Phone: |

| **Appellant** (Attach additional page if necessary.) ||
|---|---|
| Name: Susan Beals, in her official capacity as Virginia Commissioner of Elections<br>Attorney: Erika L. Maley, Solicitor General<br>Address: OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA<br>202 North 9th Street<br>Richmond, VA 23219<br>E-mail: emaley@oag.state.va.us<br>Phone: N/A | Name: JOHN O'BANNON, in his official capacity as Chairman of the State Board of Elections<br>Attorney: Erika L. Maley, Solicitor General<br>Address: See Above<br>E-mail:<br>Phone: |
| **Appellant (continued)** ||
| Name: GEORGIA ALVIS-LONG, in her official capacity as Sec. of the State Board of Elections<br>Attorney: Erika L. Maley, Solicitor General<br>Address: See Above<br>E-mail:<br>Phone: | Name: DONALD W. MERRICKS, in his official capacity as a member of the State Bd. of Elections<br>Attorney: Erika L. Maley, Solicitor General<br>Address: See Above<br>E-mail:<br>Phone: |

**Signature:** /s/ Erika L. Maley     **Date:** November 18, 2024

**Counsel for:** All appellants

**Certificate of Service** *(required for parties served outside CM/ECF)*: I certify that this document was served on _____ by ☐ personal delivery; ☐ mail; ☐ third-party commercial carrier; or ☐ email (with written consent) on the following persons at the addresses or email addresses shown:

Signature:        Date:

| Appellant (continued) | |
|---|---|
| Name: MATTHEW WEINSTEIN, in his official capacity as a member of the State Board of Elections<br><br>Attorney: Erika L. Maley, Solicitor General<br>Address: See Above<br><br>E-mail: emaley@oag.state.va.us<br><br>Phone: N/A | Name: JASON S. MIYARES, in his official capacity as Virginia Attorney General<br><br>Attorney: Erika L. Maley, Solicitor General<br>Address: See Above<br><br>E-mail: emaley@oag.state.va.us<br><br>Phone: N/A |
| **Appellant (continued)** | |
| Name: COMMONWEALTH OF VIRGINIA<br><br>Attorney: Erika L. Maley, Solicitor General<br><br>Address: See Above<br><br>E-mail: emaley@oag.state.va.us<br><br>Phone: N/A | Name: VIRGINIA STATE BOARD OF ELECTIONS<br><br>Attorney: Erika L. Maley, Solicitor General<br><br>Address: See Above<br><br>E-mail: emaley@oag.state.va.us<br><br>Phone: N/A |
| **Appellant (continued)** | |
| Name: Rosalyn R. Dance<br><br>Attorney: Erika L. Maley, Solicitor General<br><br>Address: See Above<br><br>E-mail: emaley@oag.state.va.us<br><br>Phone: N/A | |