No. 24-2071

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

VIRGINIA COALITION FOR IMMIGRANT RIGHTS, et al.,
*Plaintiffs – Appellees*,

v.

SUSAN BEALS, in her official capacity as Virginia Commissioner of Elections, et al.,
*Defendants – Appellants*.

On Appeal from the United States District Court
for the Eastern District of Virginia

**MOTION TO DISMISS APPEAL AS MOOT
AND VACATE PRELIMINARY ORDERS**

Charles J. Cooper
Joseph O. Masterman
Bradley L. Larson

COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Tel: (202) 220-9600
Fax: (202) 220-9601
ccooper@cooperkirk.com

*Counsel for Defendants-Appellants*

Jason S. Miyares
   *Attorney General*
Thomas J. Sanford (VSB #95965)
   *Deputy Attorney General*
Erika L. Maley (VSB #97533)
   *Solicitor General*
Graham K. Bryant (VSB #90592)
   *Deputy Solicitor General*

Office of the Attorney General
202 North Ninth Street
Richmond, Virginia 23219
(804) 786-2071 – Telephone
(804) 786-1991 – Facsimile
SolicitorGeneral@oag.state.va.us

Appellants respectfully request that this Court (1) dismiss the pending appeal as moot, (2) vacate this Court's order denying the motion for a stay pending appeal, and (3) vacate the district court order granting the preliminary injunction below.

BACKGROUND AND PROCEDURAL HISTORY

This appeal arose after the United States District Court for the Eastern District of Virginia entered a preliminary injunction requiring Virginia to put self-identified noncitizens back on its voter rolls that it had removed within 90 days of the November 5, 2024, federal election. *Virginia Coalition for Immigrant Rights v. Beals*, No. 1:24-cv-01778, 2024 WL 4577983 (E.D. Va. Oct. 25, 2024) (hereinafter "District Court ECF"). On October 25, the day the district court entered the preliminary injunction, Appellants filed a notice of appeal in this case and moved this Court for a stay of the injunction pending appeal. *Virginia Coalition for Immigrant Rights v. Beals*, No. 24-2071, 2024 WL 4601052 (4th Cir. Oct. 27, 2024) (hereinafter "Court of Appeals ECF"). This Court largely denied the motion in a six-page ruling issued on October 27. Court of Appeals ECF 22. The Supreme Court then granted Appellants' motion to stay the injunction on October 30, the date the district court had set for

compliance with the preliminary injunction. *Virginia Coalition for Immigrant Rights v. Beals*, 603 U.S. __, 2024 WL 4608863 at *1 (2024) (mem.). The stay order thus prevented the district court's preliminary injunction from taking effect.

The 2024 election has since come and gone. The district court's preliminary injunction, by its own terms, expired the day after the election. *See* District Court ECF 112 ¶ 11 ("[T]his injunction expires on the day after the 2024 General Election."). It thus no longer has any direct legal effect on Appellants, making their appeal from the injunction moot. *See Local No. 8–6, Oil, Chem. & Atomic Workers Int'l Union v. Missouri*, 361 U.S. 363, 367 (1960). And because the mootness of the appeal frustrates this Court's—and the Supreme Court's—ability to review fully the legal issues discussed in the stay order, that order should be vacated. *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950); *Hirschfeld v. ATF*, 14 F.4th 322, 325 (4th Cir. 2021). For similar reasons, the district court's preliminary-injunction ruling should be vacated as well.

## ARGUMENT

### I. The appeal is moot

The appeal is moot because the district court entered a preliminary injunction only on Appellees' claims that Virginia's removal of

3

noncitizens within 90 days of the 2024 election violated the "quiet period" of the National Voter Registration Act (NVRA). *See* District Court ECF 112; 52 U.S.C. § 20507(c)(2)(A). The 2024 election has since occurred, and the quiet period has ended.

The Constitution's "case-or-controversy requirement subsists through all stages of federal judicial proceedings," *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990), so the plaintiffs' stake in the lawsuit "must continue throughout its existence," *Friends of the Earth, Inc., v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 189 (2000) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n.22 (1997). Here, the Appellees no longer have a stake in their requested preliminary injunction on their quiet-period claims; indeed, the private Appellees lack any ongoing stake in the underlying claims. *See* 52 U.S.C. § 20507(c)(2)(A); *see* also District Court ECF 122 at 17–18 (motion to dismiss). Because the quiet period has ended, no one disputes that Virginia's continuing removal of noncitizens from the voter rolls, whether systematic or not, complies with the quiet-period provision of the NVRA. The private Appellees thus have no ongoing injury traceable to Appellants' "allegedly unlawful conduct" under that provision, *Allen v. Wright*, 468

4

U.S. 737, 751 (1984), and any past injury is not redressable because there is no claim for money damages, *City of Los Angeles v. Lyons*, 461 U.S. 95, 106 (1983).

In addition, as this Court and others have explained, "it [is] impossible for a court to grant effective relief" to the previously enjoined party when an injunction expires of its own terms. *International Bhd. of Teamsters v. Airgas, Inc.*, 885 F.3d 230, 235 (4th Cir. 2018); *see Local No. 8–6, Oil, Chem. & Atomic Workers Int'l Union*, 361 U.S. at 367 ("Because that injunction has long since expired by its own terms, we cannot escape the conclusion that there remain for this Court no actual matters in controversy essential to the decision of the particular case before it." (internal quotation omitted)); *see also Brooks v. Georgia State Bd. of Elections*, 59 F.3d 1114, 1119 (11th Cir. 1995) ("[T]his court has consistently held that the appeal of a preliminary injunction is moot where the effective time period of the injunction has passed.").

Accordingly, the appeal should be dismissed as moot.

II. **This Court's order denying a stay pending appeal and the district court's preliminary-injunction order should be vacated**

This Court's ruling denying a stay pending appeal, as well as the district court's preliminary-injunction order, should be vacated due to the

appeal's mootness. The standard practice of federal courts when an appeal "has become moot while on its way" through the appellate process "is to reverse or vacate the judgment below." *Munsingwear*, 340 U.S. at 39; *Hirschfeld*, 14 F.4th at 325 ("Once a case is rendered moot on appeal, we customarily vacate the opinions and remand with direction to dismiss." (citing *Munsingwear*, 340 U.S. at 39–40)). As the Supreme Court reiterated in *U.S. Bancorp Mortgage v. Bonner Mall Partnership*, "mootness by happenstance provides sufficient reason to vacate." 513 U.S. 18, 25 n.3 (1994); *see Azar v. Garza*, 584 U.S. 726, 729 (2018) (per curiam) (vacating a temporary restraining order because the equities favored vacatur).

In considering vacatur of moot decisions, this Court is "informed almost entirely, if not entirely, by the twin considerations of fault and public interest." *Hirschfield*, 14 F.4th at 327 (quoting *Valero Terrestrial Corp. v. Paige*, 211 F.3d 112, 118 (4th Cir. 2000)). Both of these factors weigh strongly in favor of vacatur here.

First, vacatur is appropriate because happenstance, rather than any action of Appellants, caused the mootness. Vacatur is generally the appropriate outcome unless "the party seeking relief from the judgment

below caused the mootness by voluntary action." *U.S. Bancorp.*, 513 U.S. at 24; *see id.* at 25 ("Where mootness results from settlement, however, the losing party has voluntarily . . . surrender[ed] his claim to the equitable remedy of vacatur."). Here, the mootness is not the fault of either party. *Hirschfield*, 14 F.4th at 327. Instead, the "happenstance" of a federal election that has come and gone mooted this appeal. *U.S. Bancorp.*, 513 U.S. at 25 n.3. "That the case became moot by happenstance . . . favors vacatur." *Hirschfield*, 14 F.4th at 328. "'A party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance, . . . ought not in fairness be forced to acquiesce in' that ruling." *Camreta v. Greene*, 563 U.S. 692, 713 (2011) (quoting *U.S. Bancorp.*, 513 U.S. at 25).

Second, the public interest also favors vacatur. Vacatur of moot decisions "clears the path for future relitigation of the issues between the parties," thereby promoting the orderly operation of the federal judiciary and advancing the public interest. *Hirschfield*, 14 F.4th at 327 (quoting *Alvarez v. Smith*, 558 U.S. 87, 94 (2009)). This Court's order included a six-page opinion that, among other things, interpreted provisions of the NVRA and reviewed the district court's factual findings. Court of Appeals

ECF 22 at 3–6. Due to the emergency posture, the order was issued extremely quickly—less than two days after Appellants filed the motion. *See* p. 2, *supra*. The mootness of the appeal now frustrates this Court's ability to consider these issues in a non-emergency posture, with full briefing and an opportunity for oral argument. Further, the Supreme Court granted Appellants' emergency application to stay the injunction days after this Court denied it. *Beals*, 603 U.S. __, 2024 WL 4608863 at *1. The Supreme Court's contrary ruling demonstrates disagreement with the reasoning in this Court's order denying the stay.

Under these circumstances, vacatur of this Court's stay order serves the public interest. *See, e.g.*, *DiMartile v. Hochul*, 80 F.4th 443, 453 (2d Cir. 2023) (discussing vacatur due to mootness of "hastily entered" preliminary injunction that "was quickly undone by . . . a stay pending appeal"); *cf. Azar*, 584 U.S. at 729. Leaving the mooted order in place would harm Appellants and could obstruct future relitigation. Indeed, a panel of this Court has already cited the stay-denial order, observing that its reasoning "casts serious doubt on" another plaintiff's "theory of statutory interpretation" in a similar case. *RNC v. N.C. State Bd. of Elections*, 120 F.4th 390, 403 (4th Cir. 2024). Thus, the stay order

8

could well have "collateral consequences" for Appellants and others in litigating related issues, even though the mootness of the underlying preliminary injunction frustrated the ability of this Court and the Supreme Court to engage in a full review. Vacatur is therefore warranted. *See Ethredge v. Hail*, 996 F.2d 1173, 1177 (11th Cir. 1993) (vacating preliminary injunction upon mootness of appeal to avoid potential "collateral consequences" of citation to order in other litigation); *Spirit of the Sage Council v. Norton*, 411 F.3d 225, 230 (D.C. Cir. 2005) (vacating preliminary injunction ruling upon holding appeal moot).

Finally, for similar reasons, this Court should likewise vacate the district court's preliminary-injunction order as moot. Again, the preliminary injunction became moot through happenstance, not the action of either party. And again, vacatur following mootness would clear the path for the parties to relitigate the issues going forward. *Munsingwear*, 340 U.S. at 40. The extremely abbreviated timeframe in which the district court had to rule on the preliminary-injunction motions also favors vacatur. *See University of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981) (observing that, as happened here, district courts award preliminary injunction at the outset of a case using "procedures that are less formal and

evidence that is less complete than in a trial on the merits"). Briefing was completed the night before the Court held the preliminary-injunction hearing and two days before it issued the injunction. *See* District Court ECF 100, 103, 110, 111. Factual findings made in such a short time frame are necessarily provisional and subject to error. The best course of action here, accordingly, is to wipe the slate clean and "clear[] the path for future relitigation of the issues between the parties." *Munsingwear*, 340 U.S. at 40.

Appellants recognize that vacatur of preliminary injunctions that have become moot is not automatic. *See Fleet Feet Inc. v. Nike, Inc.*, 986 F.3d 458, 466 (4th Cir. 2021) (declining to vacate a mooted preliminary injunction order on ground that it has no preclusive effect).[1] Yet a number

---

[1] This Court's own stay order is in a somewhat different posture, as litigation will not remain ongoing in this Court upon dismissal of the appeal, and this Court's ruling could obstruct relitigation of the issues in the district courts. *See* p. 8, *supra*. Appellants are not aware of cases in a similar procedural posture in which this Court has declined to vacate its own rulings upon an appeal becoming moot through happenstance rather than voluntary action. *See, e.g.*, *Honig v. Students of Cal. School for the Blind*, 471 U.S. 148, 149–50 (1985) (vacating ruling of Court of Appeals on appeal of preliminary injunction upon holding that "whether the preliminary injunction should have issued" is "now moot"); *see also McClendon v. City of Albuquerque*, 100 F.3d 863, 868 n.1 (10th Cir. 1996) (vacating a prior stay order).

of decisions have vacated preliminary injunctions upon an appeal becoming moot, particularly if there are reasons for concern that the ruling could have collateral effects. *See* p. 8–9, *supra*; *see also Azar*, 584 U.S. at 729 (vacating a temporary restraining order). Here, there is a risk that leaving the order undisturbed will cause an "unreviewable decision '[to] spawn[] . . . legal consequences'" that harm Appellants and other similarly situated litigants. *Camreta*, 563 U.S. at 713 (quoting *Munsingwear*, 340 U.S. at 40–41).

Because this Court's order denying a stay pending appeal and the preliminary-injunction order were mooted through happenstance and could obstruct relitigation of the issues in future proceedings, they should be vacated—especially in light of the Supreme Court's order granting a stay of the injunction. *Beals*, 603 U.S. __, 2024 WL 4608863 at *1.

Appellants have contacted Appellees concerning this motion, and Appellees responded that they consent to Appellants' request for dismissal of the appeal, and will file a response to the request for vacatur.

## CONCLUSION

For the foregoing reasons, Appellants respectfully request that this Court dismiss this appeal as moot and vacate both the denial of the

motion for a stay pending appeal and the district court's preliminary-injunction order.

Dated: December 2, 2024

Respectfully submitted,

**COMMONWEALTH OF VIRGINIA; VIRGINIA STATE BOARD OF ELECTIONS; SUSAN BEALS**, in her official capacity as Virginia Commissioner of Elections; **JOHN O'BANNON**, in his official capacity as Chairman of the State Board of Elections; **ROSALYN R. DANCE**, in her official capacity as Vice-Chairman of the State Board of Elections; **GEORGIA ALVIS-LONG**, in her official capacity as Secretary of the State Board of Elections; **DONALD W. MERRICKS** and **MATTHEW WEINSTEIN**, in their official capacities as members of the State Board of Elections; and **JASON MIYARES**, in his official capacity as Virginia Attorney General

*/s/ Erika L. Maley*

Erika L. Maley (VSB #97533)
*Solicitor General*

| | |
|---|---|
| Charles J. Cooper<br>Joseph O. Masterman<br>Bradley L. Larson<br><br>COOPER & KIRK, PLLC<br>1523 New Hampshire Avenue, N.W.<br>Washington, D.C. 20036<br>Tel: (202) 220-9600<br>Fax: (202) 220-9601<br>ccooper@cooperkirk.com<br><br>*Counsel for Defendants-Appellants* | Jason S. Miyares<br>  *Attorney General*<br>Thomas J. Sanford (VSB #95965)<br>  *Deputy Attorney General*<br>Graham K. Bryant (VSB #90592)<br>  *Deputy Solicitor General*<br><br>Office of the Attorney General<br>202 North Ninth Street<br>Richmond, Virginia 23219<br>(804) 786-2071 – Telephone<br>(804) 786-1991 – Facsimile<br>SolicitorGeneral@oag.state.va.us |

# CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitations of Fed. R. App. P. 27(d)(2)(A) because it contains 2,133 words. It also complies with the typeface and the type style requirements of Rule 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century typeface.

*/s/ Erika L. Maley*
Erika L. Maley
*Solicitor General*
Counsel for Defendants-Appellants

# CERTIFICATE OF SERVICE

I certify that on December 2, 2024, I electronically filed the foregoing motion with the Clerk of this Court by using the appellate CM/ECF system. The participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

/s/ *Erika L. Maley*
Erika L. Maley
*Solicitor General*
Counsel for Defendants-Appellants