No. 24-2071

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

VIRGINIA COALITION FOR IMMIGRANT RIGHTS, *et al.*,

*Plaintiffs/Appellees,*

v.

SUSAN BEALS, in her official capacity as Virginia Commissioner of
Elections, *et al.*,

*Defendants/Appellants*.

---

On Appeal from the United States District Court
for the Eastern District of Virginia, Alexandria Division

---

**PRIVATE PLAINTIFFS-APPELLEES' RESPONSE TO APPELLANTS'
MOTION TO DISMISS APPEAL AS MOOT AND VACATE
PRELIMINARY ORDERS**

---

Appellants are correct that their pending appeal of the district court's preliminary injunction order is moot. Private Appellees ("Appellees") therefore join Appellants' motion to dismiss that appeal. But this Court's law is clear that *Munsingwear* vacatur is inappropriate in circumstances like those present here, where the district court's now-expired preliminary injunction order and this Court's order denying Appellants' motion for a stay pending appeal lack any preclusive

1

effect. *See Fleet Feet, Inc. v. NIKE, Inc.*, 986 F.3d 458, 466 (4th Cir. 2021). This Court should therefore deny Appellants' motion to vacate both orders.

## BACKGROUND AND PROCEDURAL HISTORY

On August 7, 2024, exactly 90 days before the November Presidential Election, Governor Youngkin issued Executive Order 35 (E.O. 35), which mandated the daily systematic removal of certain voters alleged to be noncitizens from Virginia's voter rolls. A313–17. In October 2024, Appellees filed a complaint for declaratory and injunctive relief in the District Court for the Eastern District of Virginia, asserting that Appellants' actions violated several provisions of the National Voter Registration Act (NVRA). A013–46; SA036–48.

On October 15, 2024, Appellees moved for a preliminary injunction, arguing that Appellants' program: (1) violated the NVRA provision prohibiting systematic voter purges within 90 days before a federal election (the 90-Day Provision); and (2) violated the NVRA's requirement that removal programs be "uniform" and "nondiscriminatory." A064–A077; 52 U.S.C. §§ 20507(c)(2)(A), (b)(1).

On October 25, 2024, the district court preliminarily enjoined Appellants from enforcing the systematic voter purge, determining that Appellees were likely to succeed on the merits of their claim under the 90-Day Provision. A490; A454–55. The preliminary injunction was set to expire "on the day after the 2024 General Election," which was November 6, 2024. A492.

Appellants appealed the district court's order entering the preliminary injunction to this Court and moved to stay the district court's preliminary injunction pending that appeal. The panel denied the motion to stay with one minor exception. ECF 22 at 1, 6.

Appellants then submitted an emergency application for stay to the U.S. Supreme Court. On October 30, 2024, the Court granted Appellants' application, staying the district court's order pending the disposition of the appeal in this Court. *Virginia Coalition for Immigrant Rights v. Beals*, 603 U.S. __, 2024 WL 4608863 at *1 (2024) (mem.). The Supreme Court did not indicate the rationale for that stay order.

Though the preliminary injunction was stayed and has now expired, Appellants' appeal remains pending before this Court. On November 18, 2024, this Court issued an order requiring Appellees to file their opening brief by December 30, 2024. ECF 28 at 1. On December 2, Appellants filed a motion requesting that this Court (1) dismiss the pending appeal as moot, (2) vacate this Court's order denying the motion for a stay pending appeal, and (3) vacate the district court's order granting the preliminary injunction below. ECF 32.

Appellees' claims based on the NVRA's 90-Day and "uniform and nondiscriminatory" provisions remain before the district court. Per the district court's briefing schedule, Appellants filed their motion to dismiss on November 21,

3

2024 and Appellees' forthcoming response to that motion is due on December 20. Order on Briefing Schedule, *Virginia Coalition for Immigrant Rights v. Beals,* 1:24CV01778, ECF No. 118 (E.D. Va. Oct. 31, 2024).

## ARGUMENT

### I.    The Court should dismiss Appellants' appeal as moot.

Appellants' appeal is now moot because the preliminary injunction at issue has expired by its own terms. As Appellants point out, since this Court "no longer has effective relief to offer," it must dismiss Appellants' appeal as moot. *Williams v. Ozmint*, 716 F.3d 801, 809 (4th Cir. 2013) (quotations omitted).[1]

A case becomes moot, and therefore nonjusticiable, "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Fleet Feet, Inc.*, 986 F.3d at 463 (quotations omitted). "If an event occurs during the pendency of an appeal that makes it impossible for a court to grant effective relief to a prevailing party, then the appeal must be dismissed as moot." *International Bhd. of Teamsters v. Airgas*, 885 F.3d 230, 235 (4th Cir. 2018).

---

[1] Contrary to Appellants' contention, ECF 32 at 4, Appellees' 90-Day claim remains justiciable in the district court, as it "fit[s] comfortably within the established exception to mootness for disputes capable of repetition, yet evading review." *FEC v. Wis. Right to Life, Inc.*, 551 U.S. 449, 462 (2007). "[T]he Supreme Court has repeatedly instructed that the exception is especially appropriate when mootness would have otherwise been the result of a completed election cycle." *Sharma v. Hirsch*, 121 F.4th 1033, 1039 n.1, (4th Cir. 2024). *See also, e.g., Lux v. Judd,* 651 F.3d 396, 401 (4th Cir. 2011); *N.C. Right to Life Comm. Fund for Indep. Political Expenditures v. Leake*, 524 F.3d 427, 435 (4th Cir. 2008).

4

This Court has applied these principles to dismiss as moot appeals of injunctive relief where the underlying injunction had expired. For example, in *Cano v. South Carolina Department of Corrections*, this Court found it had no jurisdiction under 28 U.S.C. § 1292 to consider an appeal of a preliminary injunction after that injunction expired. No. 24-6200, 2024 WL 4501805 (4th Cir. 2024). "Due to the expiration of the preliminary injunction," it reasoned, "there is no appealable order." *Id.* at *2. *See also National Legal Research Group v. Lathan*, 42 F.3d 1386, 1994 WL 667058 at *2 (4th Cir. 1994).

This appeal must similarly be declared moot for lack of a live controversy before this Court. *See Airgas*, 885 F.3d at 233–36. The only matter before this Court is the appeal of the preliminary injunction. The Supreme Court granted Appellants' emergency stay application, thereby nullifying the relief that had been previously granted, and the preliminary injunction then expired "on the day after the 2024 General Election," which has since passed. A475. Thus, "there is no appealable order to establish [this Court's] jurisdiction." *Cano*, 2024 WL 4501805, at *2.

## II.    *Munsingwear* does not support vacatur of the preliminary orders.

Appellants argue that "[t]his Court's ruling denying a stay pending appeal, as well as the district court's preliminary-injunction order, should be vacated" under

*United States v. Munsingwear*. ECF 32 at 5–6. *Munsingwear*, however, is inapplicable to the preliminary orders since they have no preclusive effect.[2]

This Court recognizes a "general presumption against vacatur, which arises by virtue of the extraordinary nature of that relief." *Valero Terrestrial Corp. v. Paige*, 211 F.3d 112, 118 (4th Cir. 2000). Since judicial precedents are "not merely the property of private litigants," they "should stand unless a court concludes that the public interest would be served by a vacatur." *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26, (1994); *see also Valero Terrestrial Corp.*, 211 F.3d at 118 ("[T]here is a substantial public interest in judicial judgments."). As the party seeking vacatur, Appellants bear the burden of showing their "entitlement to [this] extraordinary remedy." *U.S. Bancorp Mortg.*, 513 U.S. at 26. The appellate vacatur decision ultimately depends on "the twin considerations of fault and public interest." *Valero*, 211 F.3d at 118.

The *Munsingwear* doctrine details the "limited circumstances" in which vacatur serves the public interest. *Mellen v. Bunting*, 327 F.3d 355, 364 (4th Cir. 2003). Under *Munsingwear*, "[i]f a claim becomes moot after the entry of a district

---

[2] Notably, Appellants fail to acknowledge that their *Munsingwear* arguments are equally applicable to the Supreme Court's order granting their emergency stay application. And because this Court does not have the power to vacate a Supreme Court order, granting Appellants' motion would lead to an odd result in which two lower court orders were vacated but the Supreme Court's order on the same issue remains in place.

court's *final* judgment and prior to the completion of appellate review," appellate courts "generally vacate the judgment and remand for dismissal." *Mellen*, 327 F.3d at 364 (emphasis added). The policy of vacating the underlying judgment is premised on the equitable principle that "those who have been prevented from obtaining the review to which they are entitled [are] not . . . treated as if there had been a review." *Camreta v. Greene*, 563 U.S. 692, 712 (2011) (alteration and ellipses in original). "A party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance" or the "unilateral action of the party who prevailed below," "ought not in fairness be forced to acquiesce in the judgment." *U.S. Bancorp Mortg.*, 513 U.S. at 25.

But those concerns do not apply to this Court's stay order or to the now expired preliminary-injunction order, because the *Munsingwear* doctrine hinges largely on the *effect* of the court decision under review. *See United States v. Munsingwear, Inc.*, 340 U.S. 36, 40–41 (1950) (vacatur's aim is to prevent an unreviewable decision "from spawning any legal consequences"). In particular, this Court has noted that "[t]he purpose of the *Munsingwear* doctrine is to avoid subsequent attribution of any res judicata effect to the unreviewed trial court judgment." *F.T.C. v. Food Town Stores, Inc.,* 547 F.2d 247, 248–9 (4th Cir. 1977).

Appellate stay-panel decisions do not "spawn[] legal consequences" within the meaning of *Munsingwear* because they have no res judicata effect. 340 U.S. at

40–41. As this Court explained in *Food Town Stores*, "[a]n order has no res judicata significance unless it is a final adjudication of the merits of an issue." 547 F.2d at 249. A stay-panel opinion "is not a final adjudication on the merits of the appeal," but a "prediction as to the likelihood of how they will be resolved." *Id.* As such, stay-panel opinions have "no res judicata effect and the rationale of *Munsingwear* doctrine is thus inapplicable." *Id.*; *see also Democratic Exec. Comm. of Fla. v. Nat'l Republican Senatorial Comm.,* 950 F.3d 790, 795 (11th Cir. 2020) ("[V]acatur of a prior stay-panel opinion once a case becomes moot on appeal is inappropriate— precisely because that stay-panel opinion *cannot* spawn binding legal consequences regarding the merits of the case") (emphasis in original); *Hassoun v. Searls*, 976 F.3d 121, 134 (2d Cir. 2020); *Hand v. Desantis*, 946 F.3d 1272, 1275 n.5 (11th Cir. 2020).

*Munsingwear* is likewise inapplicable to the district court's preliminary-injunction order. Appellants assert that the preliminary-injunction order should be vacated as moot for "similar reasons" as this Court's order denying a stay pending appeal. ECF 32 at 9. But this Court's precedent is clear: "The equitable concerns" underlying *Munsingwear* vacatur "disappear when the mooted appeal is of a preliminary injunction in an ongoing litigation," as is the case here. *Fleet Feet*, 986 F.3d at 466 (internal quotations omitted). That is because such preliminary-injunction orders, like appellate stay-panel decisions, do not "spawn[]" the "legal consequences" *Munsingwear* vacatur exists to prevent. 340 U.S. at 40–41. Rather, a

preliminary injunction "has no preclusive effect—no formal effect at all—on the judge's decision whether to issue a permanent injunction." *Fleet Feet*, 986 F.3d at 466 (internal quotations omitted). For that reason, this Court has explained, "the mooted appeal of a preliminary injunction isn't one of the 'limited circumstances,' under which vacatur is necessary to 'clear[] the path for future relitigation of the issues between the parties.'" *Id.* (first quoting *Mellen*, 327 F.3d at 364; then quoting *Munsingwear*, 340 U.S. at 40); s*ee also Radiant Global Logistics, Inc. v. Furstenau*, 951 F.3d 393, 397 (6th Cir. 2020); *Gjertsen v. Bd. of Election Comm'rs*, 751 F.2d 199, 202 (7th Cir. 1984); *Fleming v. Gutierrez*, 785 F.3d 442, 448–49 (10th Cir. 2015); 13C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3533.10.3 (3d ed.).

Appellants contend that denying vacatur of the two preliminary orders "could obstruct future relitigation of the issues in future proceedings." ECF 32 at 8, 10 n.1. But this cannot possibly be so, given that neither has order has any preclusive effect. Indeed, the merits of this case are *currently* being litigated before the district court (motion to dismiss briefing is ongoing) and, after those proceedings, the parties will have the opportunity for review before this Court once again. Therefore, there is no need to "clear the path" for further litigation, ECF 32 at 7, 9, 10; the path is clear. Moreover, Appellants' reliance on *RNC v. N.C. State Bd. of Elections*, 120 F.4th 390 (4th Cir. 2024), is misplaced. *See* ECF 32 at 8-9. While *RNC* suggests that this

Court's stay-denial order "casts serious doubt" on the "statutory interpretation" of the plaintiffs in that case, 120 F.4th at 403, the existence of a stay-denial order that may merely carry some persuasive value does not establish that vacatur is appropriate. In any event, the sentence of the *RNC* opinion just after the one quoted by Appellants states, "[t]hat is a merits issue, however, that lies beyond the scope of this appeal." *Id.* In other words, this Court's stay-denial opinion had no effect on the decision in *RNC*.[3]

Finally, even if *Munsingwear* vacatur were applicable to non-preclusive orders, Appellants have not shown that vacatur of the preliminary orders would serve the public interest. In addition to the vague "collateral consequences" they fear, ECF 32 at 9, Appellants argue that vacatur would serve the public interest due to the timeline of the preliminary orders. To that end, they complain that this Court's stay denial was issued "extremely quickly," *id.* at 8, and that the district court issued the preliminary injunction two days after briefing was complete, *id.* at 10. Though the briefing schedule was indeed quick—a foreseeable consequence of illegal voter purges in the leadup to a federal election—it was not cursory. The district court considered briefing and evidence from all sides and held a thorough preliminary-injunction hearing. A panel of this court declined to stay the district court's order

---

[3] This Court's opinion in *RNC* was published before the Supreme Court stayed the injunction in this case—a decision that has further circumscribed any collateral effects of the preliminary orders.

only after allowing all sides to brief the issues germane to the stay analysis. Such thoroughly considered "[j]udicial precedents . . . should stand unless a court concludes that the public interest would be served by a vacatur." *U.S. Bancorp Mortg.*, 513 U.S. at 26. As Appellants have made no such showing, this Court should deny their motion to vacate the two preliminary orders.

## CONCLUSION

For the foregoing reasons, Appellees respectfully request that this Court dismiss this appeal as moot, but deny Appellants' motion to vacate this Court's denial of their motion for stay pending appeal and the district court's preliminary-injunction order.

Date: December 13, 2024

Respectfully submitted,

/s/ Brent Ferguson

Ryan Snow
Javon Davis
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
1500 K Street, NW, Ste. 900
Washington, DC 20005
(202) 662-8600
rsnow@lawyerscommittee.org
jdavis@lawyerscommittee.org

Brent Ferguson
Danielle Lang
Simone Leeper
Kate Hamilton
CAMPAIGN LEGAL CENTER
1101 14th Street NW, Suite 400
Washington, DC 20005
Tel: (202) 736-2200
Fax: (202) 736-2222
bferguson@campaignlegalcenter.org
dlang@campaignlegalcenter.org
sleeper@campaignlegalcenter.org
khamilton@campaignlegalcenter.org

Orion Danjuma
John Paredes
THE PROTECT DEMOCRACY PROJECT,
INC.
82 Nassau Street, # 601
New York, NY 10038
Telephone: (202) 579-4582
orion.danjuma@protectdemocracy.org
john.paredes@protectdemocracy.org

Benjamin L. Berwick
THE PROTECT DEMOCRACY PROJECT,
INC.
15 Main Street, Suite 312
Watertown, MA 02472
(202) 579-4582
ben.berwick@protectdemocracy.org

Anna Dorman
THE PROTECT DEMOCRACY PROJECT,
INC.
200 Pennsylvania Ave. NW, Suite # 163
Washington, DC 20006
Telephone: (202) 579-4582
anna.dorman@protectdemocracy.org

John Powers
Hani Mirza
ADVANCEMENT PROJECT
1220 L Street Northwest, Suite 850
Washington, D.C. 20005
(202) 728-9557
jpowers@advancementproject.org
hmirza@advancementproject.org

*Counsel for Plaintiffs-Appellees Virginia
Coalition for Immigrant Rights, the
League of Women Voters of Virginia, the
League of Women Voters of Virginia
Education Fund, and African Communities
Together*

12

## CERTIFICATE OF COMPLIANCE

This response complies with the type-volume limitations of Fed. R. App. P. 27(d)(2)(A) because it contains 2,424 words. This response complies with the typeface and the type-style requirements of Fed. R. App. P. Rule 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman typeface.

/s/ Brent Ferguson
Brent Ferguson

## CERTIFICATE OF SERVICE

I certify that on December 13, 2024, I electronically filed the foregoing motion with the Clerk of this Court by using the appellate CM/ECF system. The participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

/s/ Brent Ferguson
Brent Ferguson
