IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————————

No. 24-2071

VIRGINIA COALITION FOR IMMIGRANT RIGHTS, *et al.*,

Plaintiffs-Appellees

v.

SUSAN BEALS, in her official capacity as
Virginia Commissioner of Elections, *et al.*,

Defendants-Appellants

————————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

————————————

PLAINTIFF-APPELLEE UNITED STATES' RESPONSE TO
DEFENDANTS' MOTION SEEKING DISMISSAL OF APPEAL AND
VACATUR OF PRELIMINARY ORDERS

————————————

Defendants-appellants—the Commonwealth of Virginia, the

Virginia State Board of Elections, and Susan Beals in her official

capacity as the Commissioner of Elections—moved to dismiss this

appeal as moot and vacate (1) this Court's October 27, 2024,

unpublished order denying in part and granting in part defendants'

motion for a stay pending appeal; and (2) the district court's order
granting a preliminary injunction. The United States agrees that this
appeal is moot and consents to its dismissal. Defendants' requests for
vacatur should, however, be denied under well-established precedent.

## STATEMENT

In October 2024, the United States filed suit against defendants,
alleging that a program Virginia was using to remove certain names
from the State's voting rolls violated the "Quiet Period Provision" of the
National Voter Registration Act of 1993 (NVRA), 52 U.S.C.
20507(c)(2)(A). That provision generally requires that "any program the
purpose of which is to systematically remove the names of ineligible
voters" must be "complete" by "not later than 90 days prior to the date
of a primary or general election for Federal office." 52 U.S.C.
20507(c)(2)(A).

The district court consolidated the United States' suit with a
similar suit brought by private plaintiffs, and it issued a preliminary
injunction generally barring defendants from continuing any systematic
program intended to remove ineligible voters from Virginia's voting

rolls before the November 5, 2024, election.  D. Ct. Doc. 112, at 2.[1]  The

injunction also required defendants to restore the registrations of

certain voters and provided additional related relief.  *Id.* at 2-4.  The

injunction, which was entered on October 25, 2024, specified that it

"expire[d] on the day after the [November 5,] 2024 General Election."

*Id.* at 4.

Defendants appealed the preliminary injunction (D. Ct. Doc. 113)

and filed an emergency motion in this Court seeking a stay pending

appeal (C.A. Doc. 11-1).  On October 27, 2024, this Court granted

defendants' motion in part and denied it in part.  C.A. Doc. 22.

Defendants then applied to the Supreme Court for an emergency stay of

the preliminary injunction pending the disposition of the appeal in this

Court and any timely certiorari petition.  The Supreme Court granted

that application on October 30, 2024.  *See Beals v. Virginia Coal. for*

---

[1]  "D. Ct. Doc. __" refers to the docket number of documents filed
in the district court in the consolidated case, No. 1-24-cv-1778.  "C.A.
Doc. __" refers to the docket number of documents filed in this appeal.
"Mot. __" refers to defendants' motion filed in this Court to dismiss the
appeal as moot and to vacate the preliminary orders (C.A. Doc. 32).

*Immigrant Rts.*, No. 24A407, 2024 WL 4608863, at *1 (S. Ct. Oct. 30, 2024).

Since the November 5, 2024, federal election, the parties have continued to litigate their claims in district court. On November 21, 2024, Virginia filed an opposed motion to dismiss the United States' and private plaintiffs' claims. D. Ct. Doc. 121. That motion, which does not contend that the United States' Quiet Period Provision claim is moot, remains pending.

## ARGUMENT

The parties agree that defendants' interlocutory appeal of the district court's preliminary injunction should be dismissed as moot. Mot. 11. By its terms, the preliminary injunction expired on November 6, 2024, the day after the 2024 general election. D. Ct. Doc. 112, at 4. Virginia's interlocutory appeal is therefore moot. *See Local No. 8-6, Oil Workers Int'l Union v. Missouri*, 361 U.S. 363, 367 (1960) (finding appeal moot where injunction had expired by its own terms).

This Court should, however, reject defendants' request to vacate the district court's preliminary injunction and this Court's unpublished stay decision under *United States v. Munsingwear, Inc.*, 340 U.S. 36

(1950). Those orders were preliminary in nature and have no preclusive or precedent-setting effect. *Munsingwear* vacatur is therefore inappropriate.

1. The Court should deny Defendant's request for *Munsingwear* vacatur of the district court's preliminary injunction.

Under *Munsingwear*, "[i]f a claim becomes moot after the entry of a district court's final judgment and prior to the completion of appellate review, [this Court] generally vacate[s] the judgment and remand[s] for dismissal." *Mellen v. Bunting*, 327 F.3d 355, 364 (4th Cir. 2003) (citing *Munsingwear*, 340 U.S. at 39 ). "The purpose of the *Munsingwear* doctrine is to avoid subsequent attribution of any res judicata effect to the unreviewed trial court judgment: 'That procedure clears the path for future relitigation of the issues between the parties and eliminates a judgment, review of which was prevented through happenstance.'" *FTC v. Food Town Stores, Inc.*, 547 F.2d 247, 248-249 (4th Cir. 1977) (quoting *Munsingwear*, 340 U.S. at 40). This *Munsingwear* rule is "an equitable one, applicable only in limited circumstances, and used to ensure that a losing party's right of appellate review is not frustrated by circumstances out of that party's control." *Mellen*, 327 F.3d at 364.

- 5 -

This Court has held, however, that where, as here, litigation in the district court remains ongoing, "the mooted appeal of a preliminary injunction isn't one of the 'limited circumstances,' under which vacatur is necessary to 'clear[] the path for future relitigation of the issues between the parties.'" *Fleet Feet, Inc. v. NIKE, Inc.*, 986 F.3d 458, 466 (4th Cir. 2021) (alteration in original) (first citation omitted; then quoting *Munsingwear*, 340 U.S. at 40). "That's because a preliminary injunction 'has no preclusive effect—no formal effect at all—on the [district] judge's decision whether to issue a permanent injunction.'" *Ibid.*; 13C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3533.10.3 (3d ed. 2024) (explaining that, in the case of "injunction orders that have expired or become moot, if the case remains alive in the district court, it is [generally] sufficient to dismiss the appeal without directing that the injunction order be vacated").

Thus, in this case, the district court's preliminary injunction should not be vacated. The United States' claim alleging that defendants violated the Quiet Period Provision of the NVRA remains live and is continuing to be litigated in district court, and the preliminary injunction will not bind the district court's ultimate

- 6 -

decision on the merits.  Nor would the preliminary injunction bind a

court in future litigation, because "[a] decision of a federal district court

judge is not binding precedent in either a different judicial district, the

same judicial district, or even upon the same judge in a different case."

*Camreta v. Greene*, 563 U.S. 692, 709 n.6 (2011) (citation omitted).

2.  This Court should also deny defendant's request for

*Munsingwear* vacatur of its unpublished order addressing defendants'

emergency motion for a stay pending appeal.  Courts of appeals have

concluded that "vacatur of a prior stay-panel opinion once a case

becomes moot on appeal is inappropriate—precisely because that stay-

panel opinion cannot spawn binding legal consequences regarding the

merits of the case."  *Hassoun v. Searls*, 976 F.3d 121, 134 (2d Cir. 2020)

(quoting *Democratic Exec. Comm. of Fla. v. National Republican

Senatorial Comm.*, 950 F.3d 790, 795 (11th Cir. 2020)).  As this Court

has explained, "[a]n order has no res judicata significance unless it is a

final adjudication of the merits of an issue," and "[a]n order granting a

stay pursuant to F.R.A.P. 8 is not a final adjudication of the merits of

the appeal."  *Food Town Stores, Inc.*, 547 F.2d at 249.  The grant or

denial of a stay pending appeal therefore "has no res judicata effect and the rationale of the *Munsingwear* doctrine thus is inapplicable." *Ibid.*

3. Defendants recognize that this Court has declined to vacate preliminary orders that have no preclusive effect, but nonetheless argue for vacatur, citing out-of-circuit case law and asserting—with little explanation—that the preliminary orders here could spawn legal consequences. *See* Mot. 10-11.

This Court is, of course, bound by its own case law, not the out-of-circuit decisions defendants cite. And, as explained above, *Munsingwear* vacatur is inappropriate under this Court's precedents. In any event, in the Second and D.C. Circuit cases defendants cite, there was no analysis of whether vacatur of the preliminary injunctions in question was appropriate, and, unlike here, the underlying claims that served as the basis for the preliminary injunctions had become moot. *See DiMartile v. Hochul*, 80 F.4th 443, 449 & n.9 (2d Cir. 2023); *Spirit of the Sage Council v. Norton*, 411 F.3d 225, 229-230 (D.C. Cir. 2005).

Nor do defendants advance their argument by relying on *Azar v. Garza*, 584 U.S. 726, 731 (2018) (per curiam). In that case, the

Supreme Court vacated a published, precedential decision issued by a divided en banc D.C. Circuit resolving an important issue of constitutional law and remanding to the district court. *See Garza*, 584 U.S. at 729-731; *see also Garza v. Hargan*, 874 F.3d 735, 735-736 (D.C. Cir. 2017) (en banc); U.S. Reply Br. at 3, 7, *Garza*, 584 U.S. 726 (No. 17-654) (explaining that, "[a]bsent vacatur, the decision will be binding within [the D.C. Circuit]" and observing that by remanding the case to the district court, the court of appeals "clearly considered itself to have resolved the entire appeal"). The plaintiff in *Garza* also took unilateral action to moot her claim for injunctive relief after receiving a favorable ruling, further shifting the equities in support of vacatur. *See Garza*, 584 U.S. at 729 ("the decision to vacate turns on 'the conditions and circumstances of the particular case'" (citation omitted)). Here, by contrast, this Court issued a nonprecedential decision resolving *only* a request for a stay pending appeal, and the equities do not support vacatur.

Finally, defendants' assertion (Mot. 9) that this Court's stay decision could have "collateral consequences" for litigation of related issues holds no weight. This Court's order is unpublished and thus has

no precedential force.  *See King v. Blankenship*, 636 F.2d 70, 72

(4th Cir. 1980).  And although defendants observe (Mot. 8) that another

decision of this Court has cited this Court's decision for its persuasive

value, that fact has no bearing on whether *Munsingwear* vacatur is

appropriate.  Indeed, the reasoning in this Court's stay decision will be

available to future courts and litigants *regardless* of whether the

decision is vacated.  *Hirschfeld v. Bureau of Alcohol, Firearms, Tobacco

& Explosives*, 14 F.4th 322, 328 (4th Cir. 2021) (explaining that even if

a decision is vacated, "the exchange of ideas between the panel and

dissent will remain available as a persuasive source").  It is therefore

unsurprising that defendants cite no decision of this Court vacating an

order under *Munsingwear* on the ground that the order could be cited

for its persuasive value.

Because all of defendants' arguments in favor of vacatur fail, this

Court should deny vacatur under its well-established precedent.

**CONCLUSION**

This Court should dismiss this appeal as moot and deny

defendants' motion to vacate the preliminary injunction and this

Court's stay decision.

Respectfully submitted,

KRISTEN CLARKE
  Assistant Attorney General

s/ Ellen Noble
SYDNEY A.R. FOSTER
ELLEN NOBLE
  Attorneys
  Department of Justice
  Civil Rights Division
  Appellate Section
  Ben Franklin Station
  P.O. Box 14403
  Washington, D.C.  20044-4403
  (202) 598-1479

# CERTIFICATE OF COMPLIANCE

This response complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1776 words, excluding the parts exempted by Federal Rule of Appellate Procedure 32(f). This response also complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5) and (6) because it was prepared in Century Schoolbook 14-point font using Microsoft Word for Microsoft 365.

s/ Ellen Noble_____
ELLEN NOBLE
  Attorney

Date:  December 13, 2024