No. 24-2071

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

VIRGINIA COALITION FOR IMMIGRANT RIGHTS, et al.,
*Plaintiffs – Appellees*,

v.

SUSAN BEALS, in her official capacity as Virginia Commissioner of Elections, et al.,
*Defendants – Appellants*.

On Appeal from the United States District Court
for the Eastern District of Virginia

**REPLY IN SUPPORT OF MOTION TO DISMISS APPEAL AS MOOT AND VACATE PRELIMINARY ORDERS**

Charles J. Cooper
Joseph O. Masterman
Bradley L. Larson

COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Tel: (202) 220-9600
Fax: (202) 220-9601
ccooper@cooperkirk.com

*Counsel for Defendants-Appellants*

Jason S. Miyares
  *Attorney General*
Thomas J. Sanford (VSB #95965)
  *Deputy Attorney General*
Erika L. Maley (VSB #97533)
  *Solicitor General*
Graham K. Bryant (VSB #90592)
  *Deputy Solicitor General*

Office of the Attorney General
202 North Ninth Street
Richmond, Virginia 23219
(804) 786-2071 – Telephone
(804) 786-1991 – Facsimile
SolicitorGeneral@oag.state.va.us

## ARGUMENT

All parties agree that this appeal is moot and should be dismissed. Appellees contest whether this Court's order denying a stay and the district court's preliminary injunction order should be vacated under *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950). They should.

To determine whether vacatur is appropriate, this Court asks if the party requesting vacatur caused the mootness of the appeal and whether vacatur would serve the "public interest." *Hirschfeld v. ATF*, 14 F.4th 322, 325 (4th Cir. 2021). Both factors favor vacatur here.

Neither Appellee seriously disputes the first factor: Appellants played no role in mooting their appeal of the preliminary injunction. Appellants do not control when federal elections are held, and the preliminary injunction expired on its own terms the day after the election. Thus, Appellants did not "surrender [their] claim to the equitable remedy of vacatur" by entering into a settlement or taking unilateral action to frustrate review. *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 25 (1994). When mootness arises by "happenstance," as here, this Court "favors vacatur," *Hirschfeld*, 14 F.4th at 328, because the Appellants "ought not in fairness be forced to acquiesce in" a ruling they cannot

1

appeal, *Camreta v. Greene*, 563 U.S. 692, 712 (2011) (quoting *U.S. Bancorp*, 513 U.S. at 25).

The public interest would also be served by vacatur. Appellees contend that this factor is not satisfied by "appellate stay-panel decisions . . . because they have no res judicata effect." Org. Pl. Opp. at 7 (cleaned up). But the "public interest" in vacatur is not limited to orders with preclusive effects. *U.S. Bancorp*, 513 U.S. at 26. The Supreme Court has vacated lower-court orders that lacked preclusive effect. For example, *Azar v. Garza*, 584 U.S. 726 (2018) (per curiam), vacated a D.C. Circuit opinion affirming a temporary restraining order after the appeal became moot, holding that the case fell "squarely within the Court's established practice" of vacatur. *Garza*, 584 U.S. at 729. Likewise, *Mayorkas v. Innovation Law Lab*, 141 S. Ct. 2842 (2021) (Mem.), vacated both a moot district court order granting a preliminary injunction and a Ninth Circuit judgment affirming that order, based on the Solicitor General's argument that the appellate court's statutory analysis could otherwise "be invoked to cast doubt on" the relevant agency's "longstanding discretion." Petitioner's Suggestion of Mootness and Mtn. to Vacate, *Mayorkas v. Innovation Law Lab*, 141 S. Ct. 2842, 2021 WL 2458453, at *15–16; *see also*

2

*Arizona v. Mayorkas*, 143 S. Ct. 1312 (2023) (Mem.) (vacating as moot the non-preclusive denial of a motion to intervene); *Affiliated Ute Citizens of State of Utah v. Ute Indian Tribe of Uintah & Ouray Reservation*, 22 F.3d 254, 256 (10th Cir. 1994) (vacating interlocutory sovereign immunity ruling even though that ruling did "not carry a preclusive effect").

The United States contends that *Garza* ordered vacatur because the order was published, and thus could be precedential. U.S. Opp. at 9. Yet the Supreme Court never mentioned the order's publication, much less suggested that only published orders should be vacated. *See Garza*, 584 U.S. at 729–31. To the contrary, the question is whether the order could obstruct relitigation of the issues or have other ongoing effects, and vacatur of mooted nonprecedential orders is common. *See, e.g.*, *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1133 (10th Cir. 2010) (holding that district court should have vacated as moot its "nonprecedential" orders to avoid a litigant having "to labor in the future under any legal consequences that might be spawned" by them); *DiMartile v. Cuomo*, 834 Fed. Appx. 677, 679 (2d Cir. 2021) (Mem.) (ordering vacatur of nonprecedential district court preliminary injunction decision); *Spirit of the Sage Council v. Norton*, 411 F.3d 225, 230 (D.C. Cir. 2005)

3

(similar); *McClendon v. City of Albuquerque*, 100 F.3d 863, 868 n.1 (10th Cir. 1996) (vacating prior appellate order granting emergency stay pending appeal after appeal of underlying case became moot).

Here, leaving this Court's stay denial order in place could prejudice Appellants in relitigating the issues in the district court. *See Munsingwear*, 340 U.S. at 40. Indeed, despite its unpublished status, another panel of this Court has already relied on the six-page denial order to suggest that Appellants' legal theory is untenable. *RNC v. North Carolina State Bd. of Elections*, 120 F.4th 390, 403 (4th Cir. 2024); *see also id.* at 412 n.3 (Diaz, C.J., concurring). That panel's decision described the stay order as "declin[ing] to adopt" a particular "construction of the NVRA" and stated that the stay order "casts serious doubt on [Appellants'] theory of statutory interpretation" that will be at issue during relitigation in the district court. *Id.* at 403. The prejudice from leaving the stay order in place thus is not speculative. And vacatur is particularly appropriate given that the Supreme Court granted the stay motion following this Court's denial, thus indicating disagreement with this Court's reasoning in the stay order. *See Virginia Coalition for Immigrant Rights v. Beals*, 603 U.S. __, 2024 WL 4608863, at *1 (2024) (Mem.). Vacating the stay

4

order would greatly reduce, if not wholly eliminate, the risk that the district court, as well as future panels, would rely on the order.

To be sure, *res judicata* and precedential effects can be considered in the public-interest analysis, but Appellees cite to no cases, and Appellants have found none, holding that they are the sole considerations. Instead, the Supreme Court has recognized that whether vacatur is in the public interest is a case-by-case determination. See *U.S. Bancorp*, 513 U.S. at 26–27. And appellate courts across the country commonly vacate orders that may spawn practical consequences for future litigation, even without precedential or preclusive effect. See pp. 2–4, *supra*; Mot. at 7–8.

The cases cited by the Appellees that focus on *res judicata* in the public-interest analysis are manifestly distinguishable. Most importantly, none of them involved a motion to vacate a court of appeals' order denying a stay that was later repudiated by a Supreme Court order granting the same stay. *See Beals*, 603 U.S. __, 2024 WL 4608863, at *1. Although there is often a "substantial public interest in judicial judgments" because they are "presumptively correct," *Valero Terrestrial Corp. v. Paige*, 211 F.3d 112, 118 (4th Cir. 2000) (cleaned up), that

5

interest cannot exist when a higher court has disapproved the ruling.[1] If anything, keeping this Court's now-repudiated stay order on the books *disserves* the public interest because it creates confusion about the state of the law. In contrast, vacating the order "clears the path" for further litigation and eliminates any confusion. *Munsingwear*, 340 U.S. at 40.

Appellees' reliance on *FTC v. Food Town Stores, Inc.*, 547 F.2d 247 (4th Cir. 1977) (per curiam), is misplaced. In that antitrust case, a single circuit judge granted an injunction pending appeal that barred two grocery-store chains from merging. *Id.* at 248. Before the appeal could be decided, the chains dropped the merger and then asked the court to vacate the single-judge order. *Ibid.* The Court refused, noting that no "*res judicata* effect" existed, and the grocery chains did not identify any other equitable concerns justifying vacatur. *Id.* at 249. Appellants here are in a dramatically different position. Unlike the grocery chains, they did not cause the mootness of this appeal. They have also identified public-

---

[1] There is nothing "notabl[e]" about Appellants' failure to address whether their arguments in favor of vacatur could also be applicable to the Supreme Court's order granting the stay. Org. Pl. Opp. at 6 n.2. This Court cannot vacate a Supreme Court order.

6

interest concerns other than the prospect of *res judicata* effect. *Food Town Stores* is inapposite.

The United States attempts to distinguish the cases in which other courts of appeals have vacated nonfinal orders on the basis they did not involve litigation that was ongoing in the district court. *See* United States Opp. at 8 (referencing *DiMartile v. Hochul*, 80 F.4th 443, 449 & n.9 (2d Cir. 2023), and *Spirit of the Sage Council*, 411 F.3d at 229–30). But the fact that this case continues below *favors* vacatur of the stay order. When further litigation between the parties is not anticipated, there is far less need to "clear[] the path for future relitigation of the issues between the parties." *Hirschfield*, 14 F.4th at 327 (quoting *Alvarez v. Smith*, 558 U.S. 87, 94 (2009)). But where "future relitigation" is not merely a possibility but a certainty, the need for a clear path is highly important. *Ibid.*

For similar reasons, the district court's preliminary injunction order should be vacated. Much like this Court's stay order, the preliminary injunction order has been superseded, and thus severely undermined, by the Supreme Court's order granting a stay. Appellants recognize that the preliminary injunction order does not bind the district court in further litigation, *see University of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981),

7

but as explained above, the question is whether that order could cause practical obstacles to relitigation. *Cf. Garza*, 584 U.S. at 729; *Ethredge v. Hail*, 996 F.2d 1173, 1177 (11th Cir. 1993) (looking to practical consequences of failure to vacate). Such obstacles are present here, because the district court based its preliminary injunction order on numerous preliminary factual findings. Vacatur will facilitate the district court in considering those questions anew.

Appellees rely on the observation that "it is generally sufficient to dismiss the appeal without directing that the injunction order be vacated." *Fleet Feet Inc. v. Nike, Inc.*, 986 F.3d 458, 467 (4th Cir. 2021) (quoting 13C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3533.10.3 (3d ed. 2019)) (cleaned up). But *Fleet Feet* explicitly contemplates vacating preliminary injunction orders when there is a "good reason" to "depart from th[e] general rule." *Ibid*. The unique situation presented in this case establishes good reason for departure, and this Court should therefore vacate the district court's preliminary injunction order as well.

8

# CONCLUSION

For the foregoing reasons, Appellants respectfully request that this Court dismiss this appeal as moot and vacate both the Court's order denying the motion for a stay pending appeal and the district court's preliminary injunction order.

Dated: December 20, 2024                    Respectfully submitted,

**COMMONWEALTH OF VIRGINIA; VIRGINIA STATE BOARD OF ELECTIONS; SUSAN BEALS**, in her official capacity as Virginia Commissioner of Elections; **JOHN O'BANNON**, in his official capacity as Chairman of the State Board of Elections; **ROSALYN R. DANCE**, in her official capacity as Vice-Chairman of the State Board of Elections; **GEORGIA ALVIS-LONG**, in her official capacity as Secretary of the State Board of Elections; **DONALD W. MERRICKS** and **MATTHEW WEINSTEIN**, in their official capacities as members of the State Board of Elections; and **JASON MIYARES**, in his official capacity as Virginia Attorney General

*/s/ Erika L. Maley*

Erika L. Maley (VSB #97533)
  *Solicitor General*
  Counsel for Defendants-Appellants

9

| | |
|---|---|
| Charles J. Cooper<br>Joseph O. Masterman<br>Bradley L. Larson<br>COOPER & KIRK, PLLC<br>1523 New Hampshire Avenue, N.W.<br>Washington, D.C. 20036<br>Tel: (202) 220-9600<br>Fax: (202) 220-9601<br>ccooper@cooperkirk.com<br><br>*Counsel for Defendants-Appellants* | Jason S. Miyares<br>    *Attorney General*<br>Thomas J. Sanford (VSB #95965)<br>    *Deputy Attorney General*<br>Erika L. Maley (VSB #97533)<br>    *Solicitor General*<br>Graham K. Bryant (VSB #90592)<br>    *Deputy Solicitor General*<br><br>Office of the Attorney General<br>202 North Ninth Street<br>Richmond, Virginia 23219<br>(804) 786-2071 – Telephone<br>(804) 786-1991 – Facsimile<br>SolicitorGeneral@oag.state.va.us |

10

## CERTIFICATE OF COMPLIANCE

This reply in support of a motion complies with the type-volume limitations of Fed. R. App. P. 27(d)(2)(C) because it contains 1,689 words. It complies with the typeface and the type-style requirements of Rule 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century typeface.

*/s/ Erika L. Maley*
Erika L. Maley
*Solicitor General*
Counsel for Defendants-Appellants

## CERTIFICATE OF SERVICE

I certify that on December 20, 2024, I electronically filed the foregoing motion with the Clerk of this Court by using the appellate CM/ECF system. The participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

/s/ Erika L. Maley

Erika L. Maley
*Solicitor General*
Counsel for Defendants-Appellants